IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

COLT & JOE TRUCKING LLC,

    Plaintiff,

v.                                                     Case No. 1:24-cv-00391-KWR-GBW

U.S. DEPARTMENT OF LABOR, *et al.*,

    Defendants.

**UNOPPOSED MOTION OF NATIONAL EMPLOYMENT LAW PROJECT AND PUBLIC CITIZEN FOR LEAVE TO FILE BRIEF AS AMICI CURIAE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**

    National Employment Law Project (NELP) and Public Citizen hereby move for leave to file a brief as amici curiae in support of defendants' opposition to plaintiff's motion for summary judgment and in support of defendants' cross-motion for summary judgment. Pursuant to D.N.M. Local Rule 7.1, on August 23, 2024, counsel for the proposed amici contacted the parties' counsel and asked for their position as to the relief requested. That same day, both plaintiff's counsel and defendants' counsel indicated that their clients do not oppose the relief requested and that no adjustment to the existing briefing schedule is necessary. The proposed amicus brief is attached as an exhibit to this motion.

    **A.** Movants are two organizations that, among other things, advocate for the interests of workers. Movants seek to file the amicus brief to support the Department of Labor's 2024 Independent Contractor Rule, which provides valuable guidance to ensure workers are not incorrectly classified as independent contractors and thus wrongfully denied the wages and benefits to which they are entitled to under the Fair Labor Standards Act (FLSA). Movants have

been granted leave to file briefs as amici curiae in three other pending district court actions challenging the Rule.

Amicus curiae NELP is a non-profit legal organization with over fifty years of experience advocating for the employment rights of workers in low-wage industries. NELP seeks to ensure that all employees receive the workplace protections guaranteed in our nation's labor and employment laws, and that all employers comply with those laws, including the child labor, minimum wage, and overtime protections of the FLSA. NELP has litigated directly on behalf of workers misclassified as independent contractors," submitted amicus briefs in numerous independent contractor cases, and testified to Congress regarding the importance and scope of the FLSA's employment coverage, and is an expert as to independent contractor misclassification, its magnitude, and its impacts. NELP submitted comments in the rulemaking at issue in this case.

Amicus curiae Public Citizen, a non-profit organization with members in all 50 states, appears before Congress, agencies, and courts on a wide range of issues. Among other things, Public Citizen works for enactment and enforcement of laws to protect workers, consumers, and the public, including by supporting federal agency efforts to administer and enforce worker protection statutes such as the FLSA. Public Citizen frequently appears as amicus curiae to address issues of statutory interpretation and administrative law.

**B.** In this Court, "[t]he decision to accept or reject an amicus curiae brief is left to the Court's sound discretion." *Cayaditto v. United States*, Civ. No. 04-1261 BB/LFG, 2005 WL 8157361, at *1 (D.N.M. Dec. 28, 2005); *see also* ECF 25 (recognizing such discretion). As this Court has noted, *see* ECF 25, under Federal Rule of Appellate Procedure 29, which governs the filing of amicus briefs before courts of appeals and to which district courts frequently look to in assessing motions of amici, putative amici may file briefs only with consent of the parties, or upon

the filing of a motion identifying "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. 29(a)(3). In deciding whether to grant a motion for leave, district courts consider whether the filing of the proposed brief would be "likely to assist the Court" and whether it would "unduly delay or unfairly prejudice the adjudication of the rights of the existing parties." *ACLU of N.M. v. Santillanes*, Civ. No. 05-1136 MCA/WDS, 2006 WL 8444081, at *4 (D.N.M. July 12, 2006). An amicus brief can be useful to the Court by, among other things, "[o]ffering a different analytical approach to the legal issues before the court; [h]ighlighting factual, historical, or legal nuance glossed over by the parties; [e]xplaining the broader regulatory or commercial context in which a question comes to the court; [or] [p]roviding practical perspectives on the consequences of potential outcomes." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (Scudder, J., in chambers); *see also Pickup v. Dist. Ct. of Nowata Cnty.*, Civ. No. 20-0346 JB/JFJ, 2023 WL 1394896, at *51–52 (N.D. Okla. Jan. 31, 2023) (discussing relevant considerations and case law).

In light of those considerations, courts in this district frequently allow the filing of amicus briefs. *See, e.g.*, *Gospel Light Mennonite Church Med. Aid Plan v. N.M. Office of Superintendent of Ins.*, No. 1:23-cv-00276-MLG-KK, 2023 WL 4546544, at *2 (D.N.M. July 14, 2023) (referencing earlier grant of leave to file amicus brief); *WildEarth Guardians v. Lane*, Civ. No.12-118 LFG/KBM, 2012 WL 6019306, at *1 (D.N.M. Dec. 3, 2012, as amended Dec. 4, 2012) (same); *ACLU of N.M.*, 2006 WL 8444081, at *4 (granting leave to file amicus brief). And this Court has already granted a non-party leave to file a brief as amicus in this action. *See* ECF 27.

Movants' proposed amicus brief will be useful to the Court and does not unduly prejudice the existing parties. First, the brief is being submitted while briefing on the parties' summary

judgment motions is under way. Its consideration will not delay the proceedings, is not too late to be useful to the Court, and will not prejudice the parties, who have consented to its filing without a need to alter the briefing schedule. Second, the brief's substance will aid this Court in its consideration of the pending motions. Plaintiff asks this Court to set aside the Department of Labor's 2024 Independent Contractor Rule in part on the grounds that the agency's rescission of the agency's 2021 Rule was arbitrary and capricious. The proposed brief provides relevant context for why the agency's expressed concerns about the 2021 Rule were well justified in light of the serious problem of employee misclassification and the risks that the 2021 Rule would exacerbate that problem. As advocates for low-wage workers who have been misclassified and deprived of statutory benefits, NELP and Public Citizen are able to provide the Court with a perspective different from that of both plaintiff and defendants.

## CONCLUSION

For the foregoing reasons, NELP and Public Citizen's motion for leave to file a brief as amici curiae should be granted.

Dated: September 3, 2024   Respectfully submitted,

*/s/ Christopher Benoit*
Christopher Benoit
New Mexico Bar No. 15097
Benoit Legal PLLC
311 Montana Avenue, Ste. B
El Paso, TX 79902
(915) 532-5544
chris@coylefirm.com

Adam R. Pulver
DC Bar No. 1020475
(*pro hac vice* motion forthcoming)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
apulver@citizen.org

4

*Counsel for Proposed Amici Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed the foregoing document electronically via the Court's CM/ECF filing system, causing a copy of it be served on all counsel of record.

/s/ *Christopher Benoit*
Christopher Benoit

September 3, 2024